**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KARON J. NELSON et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>FIRST HORIZON HOME LOAN CORP. et al., )<br>)<br>Defendants. )<br>————————————————————— ) | 3:11-cv-00562-RCJ-WGC<br><br>**ORDER** |

This is a standard foreclosure case involving one property. The Complaint is a MERS-conspiracy-type complaint listing nine causes of action: (1) Debt Collection Violations under Chapter 649; (2) Deceptive Trade Practices under Chapter 598; (3) Unfair Lending Practices under Chapter 598D; (4) Violation of the Covenant of Good Faith and Fair Dealing; (5) Violations of section 107.080; (6) Quiet Title; (7) Fraud; (8) Slander of Title; and (9) Abuse of Process. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Defendants have separately moved to dismiss. For the reasons given herein, the Court grants the motions in part.

**I.      THE PROPERTY**

Karon J. and Michael K. Nelson gave lender First Horizon Home Loan Corp. ("First Horizon") a $642,300 promissory note to purchase real property at 2980 Savona Dr., Sparks, NV 89434 (the "Property"). (*See* Deed of Trust ("DOT") 1–3, Dec. 11, 2006, ECF No. 7-1). Ticor Title of Nevada ("Ticor Title") was the trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") was the lender's "nominee." (*Id.* 2). Plaintiffs gave a second promissory note for

$120,500 to the same lender and trustee. (*See* Second DOT 1–2, Dec. 11, 2006, ECF No. 9-9). MERS assigned the note and DOT to The Bank of New York Mellon, f.k.a. The Bank of New York ("Mellon") as trustee for a mortgage-backed security. (*See* Assignment, Oct. 27, 2009, ECF No. 7-2). Mellon substituted Quality Loan Service Corp. ("QLS") as trustee. (*See* Substitution, Dec. 6, 2010, ECF No. 7-3). QLS filed the notice of default ("NOD") based on a default of unspecified amount as of April 1, 2009. (*See* NOD, Oct. 8, 2009, ECF No. 7-4). The foreclosure may have been statutorily improper, because QLS filed the NOD before it was substituted as trustee. *See* Nev. Rev. Stat. § 107.080(2)(c) (2009). Also, because QLS filed the NOD before the party that later substituted QLS as the trustee even had the beneficial interest, it is not clear Mellon can ratify QLS's filing of the NOD, because QLS cannot have purported to act as Mellon's agent before Mellon had the beneficial interest. *See* Restatement (Third) of Agency § 4.03 & cmt. b. QLS noticed a trustee's sale for August 1, 2011. (*See* Notice of Sale ("NOS"), July 1, 2011, ECF No. 7-5). The Property is not eligible for the state Foreclosure Mediation Program. (*See* FMP Certificate, Feb. 18, 2010, ECF No. 9-13).

**II.     ANALYSIS**

The foreclosure appears to have been statutorily improper. The remaining claims fail for reasons given in substantively identical cases.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 7, 9) are GRANTED in part and DENIED in part. All claims are dismissed except those for statutorily defective foreclosure under section 107.080(2)(c) and quiet title.

IT IS SO ORDERED.

Dated this 6th day of December, 2011.

_____
ROBERT C. JONES
United States District Judge