# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KARON J. NELSON et al., )
)
       Plaintiffs, )
)   3:11-cv-00562-RCJ-WGC
   vs. )
)
FIRST HORIZON HOME LOAN CORP. et al., )   **ORDER**
)
       Defendants. )
)

This is a standard foreclosure case involving one property. The Court previously dismissed all claims except those for statutorily defective foreclosure and quiet title because the public records adduced showed that Defendant Quality Loan Service Corp. ("QLS") had filed the notice of default ("NOD") not only before it was substituted as trustee, but also before the entity that substituted it as trustee, The Bank of New York Mellon, f.k.a. The Bank of New York ("Mellon"), obtained the beneficial interest. Defendants have now moved for summary judgment. Because they have adduced no additional evidence showing a statutorily proper foreclosure,[1] the Court denies the motion. Mellon cannot ratify the NOD because QLS did not even purport to be acting for Mellon. *See* Restatement (Third) of Agency § 4.03 ("A *person* may ratify an act if the actor acted or purported to act as an agent on *the person's* behalf." (emphases

---

[1] Defendants adduce the same documents that show: (1) LandAmerica OneStop Inc. filed the NOD as agent of QLS on Oct. 8, 2009, (*see* NOD, Oct. 8, 2009, ECF No. 31-4); (2) MERS assigned the note and DOT to Mellon three weeks later, (*see* Assignment, Oct. 27, 2009, ECF No. 31-5); and (3) Mellon substituted QLS as trustee over a year later, (*see* Substitution, Dec. 6, 1020, ECF No. 31-6).

1   added)). Because Mellon was not the person on whose behalf QLS purported to act in filing the

2   NOD, Mellon cannot ratify the NOD under ordinary agency principles. *See id.*  And even if QLS

3   had purported to act on behalf of Mellon, this would not have been enough to satisfy the statutes,

4   because Mellon was not at that time the beneficiary, and Mellon's later ratification would merely

5   be a ratification of a wrongful act, i.e., the filing of the NOD by an entity that was neither the

6   beneficiary, trustee, or agent of either. *See* Nev. Rev. Stat. § 107.080(2)(c).  Unless it can show

7   that the beneficiary or trustee specifically commanded it to file the NOD or had given it an

8   agency to do so, QLS must file a new NOD if it wishes to foreclose non-judicially.

9   Finally, Plaintiffs have moved to join Mellon as an indispensable party under Rule 19

10  because Mellon has the beneficial interest in the note.  QLS has opposed the motion, arguing that

11  it is an attempt to delay the proceedings and noting that Mellon's interest in the note was clear to

12  Plaintiffs long before the present case was filed.  The Court grants the motion to join Mellon.

13  The conclusion of the case will not be delayed by the joinder, as the Court denies the present

14  motion for summary judgment in any case.

15  **CONCLUSION**

16  IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 31) is

17  DENIED.

18  IT IS FURTHER ORDERED that the Motion to Add Indispensable Party (ECF No. 32)

19  is GRANTED.

20  IT IS SO ORDERED.

21  Dated this 9th day of July, 2012.

22  _____

23  ROBERT C. JONES
    United States District Judge

24

25